UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────

HECTOR PLANTENY-MARTINEZ,

                              Plaintiff,        **No. 6:15-cv-06371(MAT)**
                                                **DECISION AND ORDER**

              -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.
─────────────────────────────────

## INTRODUCTION

Hector Planteny-Martinez ("Plaintiff"), represented by counsel, brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). The parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## PROCEDURAL STATUS

On February 23, 2012, Plaintiff protectively filed applications for DIB and SSI alleging disability since April 1, 2011, due to a left hip replacement and upper and lower back

problems. T.281-282, 283-286, 308.[1] After his applications were denied, Plaintiff requested a hearing, which was conducted by administrative law judge Larry Levey ("the ALJ") via videoconference on September 18, 2013. Plaintiff appeared with his attorney and testified, as did an impartial vocational expert. T.144-74.

On November 6, 2013, the ALJ issued a decision finding that Plaintiff was not disabled. T.133-40. Applying the Commissioner's five-step sequential evaluation for adjudicating disability claims, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. T.136. At step two, the ALJ found that Plaintiff had the following severe impairments: status post-left hip replacement, degenerative disc disease, scoliosis, obesity, possible trochanteric (hip) bursitis, and insomnia. Id. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T.136. Assessing the maximum that Plaintiff could do, notwithstanding his impairments, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the exertional requirements of sedentary work as defined in 20 C.F.R.

---

[1]

Citations to "T." refer to pages from the certified transcript of the administrative record, submitted by the Commissioner in connection with her answer to the complaint.

§§ 404.1567(a), 416.967(a), except he required the option of alternating, in half-hour increments, between sitting and standing, and could only occasionally utilize his left leg for pushing, pulling, or operating foot controls. T.136. The ALJ further found Plaintiff could only occasionally climb ramps and stairs, balance, and stoop; and was precluded from climbing ladders, ropes or scaffolds, and from kneeling, crouching, and crawling. Id. The ALJ also found Plaintiff could engage in frequent, but not constant, rotation, flexion, and extension of his neck; could perform no more than occasional overhead reaching; and was precluded from work-related exposure to unprotected heights and hazardous machinery. T.136. In light of Plaintiff's impairments and the side-effects of his medications, the ALJ found Plaintiff was limited to performing simple, routine, and repetitive tasks. T.136. At step four, the ALJ found that Plaintiff had past relevant work as a forklift truck driver, but he could no longer perform that work. T.138. At step five, the ALJ relied on the VE's testimony that Plaintiff could perform a significant number of sedentary jobs in the national economy, such as assembler, machine tender, and inspector. T.138-39, 169-70.

Plaintiff requested review of the ALJ's decision by the Appeals Council, and submitted additional medical records, the bulk of which post-dated the relevant period. The Appeals Council decided Plaintiff's case through November 6, 2013, and noted that

the additional evidence related to a later period, and therefore did not affect the decision about whether Plaintiff was disabled on or before November 6, 2013. T.2. On April 22, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. T.1-5. This timely action followed.

For the reasons discussed below, the Court reverses the Commissioner's decision and remands the matter for further administrative proceedings, including development of the record.

## SCOPE OF REVIEW

When considering a claimant's challenge to the decision of the Commissioner denying benefits under the Act, the district court is limited to determining whether the Commissioner's findings were supported by substantial record evidence and whether the Commissioner employed the proper legal standards. Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial

-4-

evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

**I.  RFC Determination Not Supported by Substantial Evidence**

**A.  Absence of Medical Opinion**

Plaintiff argues that the RFC determination is not supported by substantial evidence because there is no expert medical opinion in the record concerning his limitations, and thus the ALJ erroneously "played doctor" in formulating an RFC for Plaintiff.

Here, there was only one expert medical opinion in the record, issued by consultative physician Elizama Montalvo, M.D. on May 14, 2012. See T.389-92. Plaintiff reported a history of hip pain continuing after his total left hip replacement in 2009, as well as upper and lower back pain. On examination, Dr. Montalvo found that Plaintiff had reduced range of motion ("ROM") in the cervical spine and lumbar spine, but full ROM in the elbows, forearms, wrists, fingers, hips, knees and ankles bilaterally. Diagnoses were left hip pain, status post-hip replacement; upper and lower back pain; neck pain; headaches; scoliosis; and insomnia. T.391. For her medical source statement, Dr. Montalvo opined that Plaintiff had "mild to moderate" limitations in bending, lifting, carrying, reaching, and climbing stairs. T.391.

-5-

At the administrative hearing, Plaintiff's attorney requested that the ALJ issue a subpoena requiring that Dr. Montalvo clarify the extent of Plaintiff's limitations, asserting that Dr. Montalvo "found no limitations for standing or walking, which is inconsistent with her [examination] findings,' and that the terms "mild" and "moderate" were undefined and imprecise. T.276-77. The ALJ disagreed with the first basis, because Dr. Montalvo "specifically found that Plaintiff had a normal gait, and in any event, she did not opine there were no standing/walking limitations; she merely did not address the issue;" in short, the ALJ found, the "purported inconsistency" did not exist. However, the ALJ "did find merit" in Plaintiff's attorney's argument "that the terms of the medical source statement were indeed somewhat imprecise[,]" and accordingly invited him to prepare interrogatories to Dr. Montalvo seeking further clarification. Plaintiff's attorney subsequently submitted interrogatories. T.133, 149, 333-75. However, they were never answered. The ALJ explained in his decision that following the hearing, he learned that Dr. Montalvo was no longer associated with Industrial Medicine Associates, no longer resided on the United States mainland, and was no longer a consultative examination provider for the Social Security Administration. Because Dr. Montalvo was "unavailable to provide the requested clarification," the ALJ simply "discounted

Dr. Montalvo's opinion," T.133-34, rather than ordering a new consultative examination.

Pursuant to Social Security Ruling ("SSR") 83-10, RFC is defined as follows: "A medical assessment of what an individual can do in a work setting in spite of the functional limitations and environmental restrictions imposed by all of his or her medically determinable impairment(s). . . ." SSR 83-10, 1983 WL 31251, at *7 (S.S.A. 1983). "As explicitly stated in the regulations, RFC is a medical assessment; therefore, the ALJ is precluded from making his assessment without some expert medical testimony or other medical evidence to support his decision." Gray v. Chater, 903 F. Supp. 293, 301 (N.D.N.Y. 1995) (citing 20 C.F.R. § 404.1513(c), (d)(3)); Martin v. Shalala, No. 91-CV-0730E, 1994 WL 263818, at *4 (W.D.N.Y. June 13, 1994)); accord, e.g., Lowe v. Colvin, No. 6:15-CV-06077(MAT), 2016 WL 624922, at *5 (W.D.N.Y. Feb. 17, 2016)). "The Commissioner's burden of demonstrating that a claimant can perform at a certain exertional level is therefore unsustained where the ALJ has failed to point to at least 'some expert medical testimony or other medical evidence to support his decision,' Gray, 903 F. Supp. at 301, or has based the decision 'on a negative finding that nothing in the record militated against the conclusion that [the claimant] could perform such work[.]'" Irizarry v. Callahan, No. 97 CIV. 6093 (DLC), 1998 WL 556157, at *8 (S.D.N.Y. Aug. 31, 1998) (quoting Sobolewski v. Apfel, 985 F. Supp. 300, 314

(E.D.N.Y. 1997) (stating that "the burden of proof is on the Commissioner to offer positive evidence that [the claimant] can perform sedentary work, and the burden is not carried merely by pointing to evidence that is consistent with his otherwise unsupported assertion"); citation omitted in original).

Here, Dr. Montalvo's report was the *only* opinion from *any* medical source in the record regarding Plaintiff's limitations. However, the ALJ entirely discounted it because it was "imprecise," and he purportedly was unable to obtain clarification from Dr. Montalvo. This left the ALJ's RFC assessment unsupported by any medical opinion evidence. Under these circumstances, the Court is unable to conclude that the RFC assessment is based on substantial evidence. See, e.g., DiVetro v. Commissioner of Social Sec., No. 5:05-CV-830(GLS/DEP), 2008 WL 3930032, at *12-13 (N.D.N.Y. Aug. 21, 2008) ("[N]either state agency consultant who rendered assessments stated that plaintiff can sit for a full eight hours. While [the consultative physician] opined that plaintiff has no 'gross limitation' in her ability to sit, he did not elaborate, nor did he particularly state that she can sit for an entire workday. Simply stated, the record lacks any assessment from either a treating source or a consultant supporting a finding of plaintiff's ability to sit for eight hours in a given workday.") (internal citations to record omitted). The absence of an RFC assessment from any medical source leaves a gap in the record which the ALJ was

under a regulatory obligation to fill, regardless of whether Plaintiff was represented by counsel. See, e.g., Walker v. Astrue, No. 08-CV-0828(A)(M), 2010 WL 2629832, at *6 (W.D.N.Y. June 11, 2010), report and recommendation adopted, No. 08-CV-828A, 2010 WL 2629821 (W.D.N.Y. June 28, 2010) (finding gap in record where there was no RFC opinion from any medical source and RFC assessment was based only on claimant's mental health records, the review consultant's Psychiatric Review Technique, and claimant's testimony) (citing Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996)). Remand accordingly is required. See, e.g., Burger v. Astrue, 282 F. App'x 883, 884-85 (2d Cir. 2008) (unpublished opn.) ("Under these circumstances, i.e., a recognized severe impairment, 'somewhat credible' testimony as to limitations that would preclude past employment, and a demonstrated inability to secure anything more than sporadic emergency treatment, the ALJ was obliged himself to develop the medical record more fully to ensure an accurate assessment of Burger's residual functional capacity.") (citations omitted).

## CONCLUSION

For the reasons discussed above, the Commissioner's motion for judgment on the pleadings (Dkt #11) is denied. Plaintiff's motion for judgment on the pleadings (Dkt #8) is granted to the extent the Commissioner's decision is reversed, and the matter is remanded for further administrative proceedings consistent with the instructions

in this Decision and Order. In particular, the ALJ is directed to order that Plaintiff undergo a new consultative physical examination and to request an RFC assessment from one of Plaintiff's treating physicians.

**SO ORDERED.**

**S/Michael A. Telesca**
_____
       HON. MICHAEL A. TELESCA
       United States District Judge

Dated:     June 17, 2016
           Rochester, New York.